# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 16, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MARK A. ROBERTS,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1343** (BOR Appeal No. 2047238)
              (Claim No. 2009065030)

**GOLDSMIT-BLACK, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mark A. Roberts, by George Zivkovich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Goldsmit-Black, Inc., by Nathan Ward, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 24, 2012, in which the Board affirmed a May 7, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 7, 2010, decision which denied a request to add displaced lumbar intervertebral disc with myelopathy; thoracic or lumbar neuritis or radiculitis, unspecified; cervical intervertebral disc disorder with myelopathy; and neuralgia, neuritis, or radiculitis, unspecified to the claim. In its Order, the Office of Judges also affirmed the claims administrator's June 14, 2010, decision which denied additional chiropractic treatment beyond the authorized dates. In its Order, the Office of Judges also affirmed the claims administrator's June 14, 2010, decision which denied a request for authorization of the medications Robaxin, Clinoril, Hydrodiuril, Tylenol, and Ativan. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Roberts, an order selector and merger, injured his neck and back while lifting boxes in the course of his employment on September 21, 2008. His claim was held compensable for sprain/strain of the neck, lumbar, lumbosacral, and thoracic regions. Mr. Roberts was treated by Joseph McCarter, D.C., from September of 2008 until March of 2010. During that time, Mr. Roberts experienced back pain that was significantly worse on the days that he worked. The primary condition he was treated for was thoracic sprain/strain with neuritis. MRIs taken on March 19, 2010, revealed very mild degenerative disc disease and no evidence of disc herniation in the thoracic and cervical spine. Very mild degenerative disc disease was also seen in the lumbar spine as well as narrowing and desiccation of the L5-S1 intervertebral disc with minimal bulging.

An independent medical evaluation was performed by Byron Folwell, D.C., on June 23, 2009. During his examination, Dr. Folwell found that Mr. Roberts had not reached maximum medical improvement for his compensable conditions. He recommended further testing and opined that regular chiropractic treatment was not necessary at that time. Dr. Folwell treated Mr. Roberts from June of 2009 until December of 2010. During that time, Mr. Roberts developed increased pain that radiated into his lower extremities. Dr. Folwell prescribed conservative chiropractic treatment. Mr. Roberts underwent an electromyogram in March of 2010. Dr. Folwell interpreted the diagnostic test and found evidence of chronic right axonal S1 radiculopathy. Because Dr. Folwell is a chiropractor, he recommended that Mr. Roberts visit his primary care physician to obtain medication. L.R. Auvil, M.D., thereafter prescribed Robaxin, Clinoril, Hydrodiuril, Tylenol, and Ativan to treat Mr. Roberts's symptoms. He asserted in a letter to the claims administrator that Mr. Roberts was prescribed the medications due to symptoms caused by his compensable injury. He also noted that Mr. Roberts had experienced hypertension and anxiety secondary to pain his work-related injury had caused.

In a deposition on June 23, 2011, Dr. Folwell testified that it would be difficult to pinpoint the cause of the findings seen on the March 19, 2010, cervical MRI. He opined that the lumbar MRI taken that same day showed that the bulging disc at L5-S1 compressed the S1 nerve root. He attributed the disc bulge and nerve root compression to the compensable injury. Mr. Roberts's left leg symptoms were attributed to nerve root irritation which was not seen on the MRI or electromyogram. He requested the additional chiropractic treatments, because the new treatments would differ significantly from the previous ones and may provide more pain relief. Mr. Roberts underwent the new, unapproved treatment and was only able to obtain temporary pain relief. Dr. Folwell opined that Mr. Roberts had reached maximum medical improvement.

In a physician review on April 22, 2010, Michael Condaras, D.C., recommended denying a request to retroactively authorize four to five chiropractic visits. Mr. Roberts had already undergone seventy-five visits and all chiropractic treatment over twenty-eight visits exceeded the West Virginia Code of State Rules § 85-20-37 (2006) guidelines. He noted that the allowed conditions in the claim are thoracic, lumbar, and lumbosacral sprain/strain. Randall Short, D.O., also noted in his physician review that Mr. Roberts's claim was only compensable for a sprain/strain which should have healed in six to eight weeks. He recommended denying the requested medications. He noted that Dr. Auvil prescribed the medications but failed to demonstrate how they were necessitated by the compensable injury.

2

In an independent medical evaluation on January 4, 2011, Sushil Sethi, M.D., noted that Mr. Roberts was in a motor vehicle accident in 1998 in which he sustained multiple injuries to his entire cervical, thoracic, and lumbar spine. He found that Mr. Roberts was at maximum medical improvement and opined that his current treatment was excessive and unrelated to his compensable injury which healed long ago.

On June 14, 2010, the claims administrator denied a request for the medications Robaxin, Clinoril, Hydrodiuril, Tylenol, and Ativan. It also denied additional chiropractic treatment beyond the authorized dates. On December 7, 2010, the claims administrator denied a request to add displaced lumbar intervertebral disc with myelopathy; thoracic or lumbar neuritis or radiculitis, unspecified; cervical intervertebral disc disorder with myelopathy; and neuralgia, neuritis, or radiculitis, unspecified to the claim.

The Office of Judges affirmed the claims administrator's decisions in its May 7, 2012, Order. In regards to the addition of the requested diagnosis codes, the Office of Judges determined that medical records from Dr. McCarter indicate Mr. Roberts's initial complaints were primarily limited to pain in his thoracic spine. Though there were some lower back complaints, they did not include radiculopathy. The diagnostic studies of record only showed mild degenerative changes in the cervical, thoracic, and lumbar spine. Dr. Folwell, who requested the additional diagnoses, even acknowledged that it would be difficult to pinpoint the cause of the findings seen on the cervical MRI. The Office of Judges found that though an electromyogram was interpreted by Dr. Folwell to show S1 radiculopathy, the evidence of record was insufficient to causally connect the finding to the compensable injury. When Mr. Roberts was examined by Dr. Sethi in January of 2011, Dr. Sethi noted that Mr. Roberts had no problems with his upper back or cervical spine.

As to the requested medications, it was determined that Dr. Short concluded Dr. Auvil provided no medical justification for authorization of the medications. Clinoril is a pain reliever and Tylenol #4 with codeine is a Schedule II narcotic pain medication. The Office of Judges found that per West Virginia Code of State Rules § 85-20-53.14b (2006), Schedule II medications should be prescribed for no more than six weeks following an injury. It also found that Hydrodiuril and Ativan are for the treatment of high blood pressure and anxiety, respectively. Dr. Auvil's treatment notes were determined to fail to substantiate a causal relationship between the compensable injury and the necessity of the prescribed medications. The Office of Judges concluded that the expected duration of care for soft tissue injuries, such as the compensable injury in this case, is zero to four weeks, and no more than eight weeks. At the time the medications were requested, Mr. Roberts had exceeded the guidelines set forth in West Virginia Code of State Rules § 85-20-37.

In regards to the requested chiropractic treatment, the Office of Judges found that Dr. Condaras recommended denying the request. He stated that Mr. Roberts had already received seventy-five chiropractic treatments which exceeded the applicable guidelines. Additionally, the record demonstrates that Mr. Roberts's condition was not improving with such treatment. The Office of Judges ultimately concluded that a preponderance of the evidence failed to show a

3

causal connection between the addition of the diagnosis codes, the requested medications, and the requested medical treatment and the compensable injury.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its October 24, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The evidentiary record indicates Mr. Roberts no longer requires chiropractic treatment or medication to treat his compensable sprains/strains. Additionally, there is insubstantial evidence to support the addition of the requested diagnoses to the claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 16, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II